Anthony **EVANS**, Plaintiff–Appellant,

v.

**CONSUMER INFORMATION & DISPUTE RESOLUTION,** Defendant–Appellee.

No. 06–3334–cv.

United States Court of Appeals, Second Circuit.

April 19, 2007.

Anthony Evans, *pro se*, New York, NY, for Appellant.

Kevin J. Farrelly, Law Offices of Kevin J. Farrelly, New York, NY, for Appellees.

Present: Hon. THOMAS J. MESKILL, Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Appellant Anthony Evans, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York entered on May 8, 2006, dismissing his complaint. In it, he claims that Consumer Information & Dispute Resolution ("CIDR") terminated him from his position as a Security Coordinator and Supervisor in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101—12117. We assume that the parties and counsel are familiar with the facts and the procedural history of this case, and the scope of the issues presented on appeal.

We review the District Court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the nonmoving party. *See Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir.1999), *cert. denied*, 529 U.S. 1098, 120 S.Ct. 1832, 146 L.Ed.2d 776 (2000). Summary judgment is appropriate "only if the record indicates that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)). When the nonmoving party will bear the ultimate burden of proof at trial, the moving party's burden is satisfied if it can point to an absence of evidence to support an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party has carried its burden, we must determine whether the nonmoving party has "come forward with evidence that would be sufficient to support a jury verdict in its favor." *Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 91 (2d Cir.2002).

The ADA prohibits discrimination against a "qualified individual with a disability because of the disability" in the "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). However, "[n]ot every impairment is a 'disability' within the meaning of the ADA; rather, there are two requirements: the impairment must limit a major life activity and the limitation must be substantial." *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir.2005) (citing 42 U.S.C. § 12102(2)(A)).

Evans, however, has not identified anything that the law regards as a major life activity that has been impaired by his alleged mental illness. To the contrary, the only evidence that he provided on this score suggests that he has *not* been impaired in the one major life activity covered by the ADA that is relevant to his case—his ability to work. *See E.E.O.C. v. J.B. Hunt Transport, Inc.*, 321 F.3d 69, 75 (2d Cir.2003); 29 C.F.R. § 1630.2(i). He has therefore failed to present evidence on an essential element of his claim.

We have considered each of Evans's remaining arguments on appeal, and conclude they are without merit. To the extent that he seeks to raise issues for the first time on appeal, we decline to review them. *See Amalgamated Clothing & Textile Workers Union v. Wal–Mart Stores, Inc.*, 54 F.3d 69, 73 (2d Cir.1995).

For the foregoing reasons, we hereby AFFIRM the judgment of the district court.